## UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Public Interest Legal Foundation,<br><br>    *Plaintiff*,<br>*v.*<br><br>Kathy Boockvar, Secretary of the Commonwealth of Pennsylvania, in her official capacity.<br><br>    *Defendant.* | Civ. No. 20-_____ |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff Public Interest Legal Foundation ("Plaintiff" or "the Foundation"), by and through its attorneys, brings this action for violations of Section 8 of the National Voter Registration Act of 1993 ("NVRA"), 52 U.S.C. § 20507, against Kathy Boockvar ("Defendant"), in her official capacity as Secretary of the Commonwealth of Pennsylvania. In support of its action, the Foundation states as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as the action arises under the laws of the United States.

This Court also has jurisdiction under 52 U.S.C. § 20510(b), as the action seeks injunctive and declaratory relief under the NVRA.

2.      Venue in this Court is proper under 28 U.S.C. § 1391(b), because a defendant resides in this district and all defendants reside in Pennsylvania, and because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## PARTIES

3.      The Plaintiff, the Public Interest Legal Foundation, Inc., (the "Foundation") is a non-partisan, non-profit, public interest organization incorporated and based in Indianapolis, Indiana. The Foundation seeks to promote the integrity of elections nationwide through research, education, remedial programs, and litigation. The Foundation has dedicated significant time and resources to ensure that voter rolls in the state of Pennsylvania do not contain ineligible registrants. The Foundation produces and disseminates reports, articles, and newsletters in order to advance the public education aspect of its organizational mission, as well as communicates with election officials about problems or defects found in list maintenance practices and about ways to improve those practices.

4.    Defendant Kathy Boockvar is Secretary of the Commonwealth of Pennsylvania and directs the Department of State, which implements, regulates, and administers the Commonwealth's voter registration process known as the SURE ("Statewide Uniform Registry of Electors") system. 25 PA. CONS. STAT. §§ 1201, 1222(a), (e), and (f).

5.    The Foundation has spent many thousands of dollars reviewing Pennsylvania's election procedures and documented failures to maintain an accurate and correct voter roll as required by the NVRA. The Foundation's investigation of the rolls, both then and now, has forced it to incur substantial costs to compare the Commonwealth's voter rolls to the Social Security Death Index, various commercial databases, and other sources in order to identify deceased voters,.

6.    Defendant's violations of the NVRA have harmed and continue to harm and frustrate the Foundation's purpose of protecting the integrity of the electoral process and ensuring that accurate and current voter registration rolls are maintained.  The Foundation's expenditure of significant time and money in Pennsylvania seeking to rectify Defendant's failure to clean up the voter rolls by removing the

surfeit of deceased registrants from such rolls has also forced the Foundation to divert its limited resources from other states with similar issues.

## STATEMENT OF FACTS AND LAW

7.     Section 8 of the NVRA requires election officials to "conduct a general program that makes a reasonable effort to remove the names of ineligible voters from the official lists of eligible voters by reason of, *inter alia*, the death of the registrant. 52 U.S.C. § 20507(a)(4)(A).

8.     Section 8 of the NVRA also requires that election officials shall "complete, not later than 90 days prior to the date of a primary or general election for Federal office, any program the purpose of which is to systematically remove the names of ineligible voters from the official lists of eligible voters." 52 U.S.C. § 20507(c)(2)(A).

9.     Although Section 8 of the NVRA generally restricts states from removing ineligible voters from the voting rolls within 90 days of a primary or general election, that restriction expressly does *not* apply to the removal of registered voters who have died. 52 U.S.C. § 20507(c)(2)(B)(i). Registered voters who have died may be removed at *any time*.

10.   The Secretary of the Commonwealth is the chief election official of Pennsylvania and is responsible for coordination of the Commonwealth's responsibilities under the NVRA. 52 U.S.C. § 20509.

11.   Pennsylvania state law mandates the cancellation of registration and removal from the voting rolls of any elector who has been reported by the Pennsylvania Department of Health to have died. 25 PA. CONS. STAT. § 1505(a).

12.   Pennsylvania state law further requires that the Department of Health send the name and residential address of every deceased individual 18 years of age or older to the appropriate county commission within 60 days of receiving notice of the individual's death. 25 PA. CONS. STAT. § 1505(a). The SURE system, in turn, is set up to allow those deceased individuals to be deleted from the voter rolls. 25 PA. CONS. STAT. § 1222(c)(4).

13.   Registrations of deceased electors can be cancelled at any time, without regard to election deadlines. 52 U.S.C. § 20507(c)(2)(B)(i); 25 PA. CONS. STAT. § 1901(b)(4)(i).

14.   Defendant's responsibility for coordinating with state agencies and county election commissions to ensure the removal of

deceased electors from the voting rolls is a core component of her NVRA statutory coordination obligation.   It is also mandated by the Help America Vote Act. 52 U.S.C. § 21083(a)(2)(A)(ii)(II).

## Thousands of Deceased Electors Remain On the Voter Rolls

15.   The Foundation first analyzed the accuracy of Pennsylvania's voter rolls in early 2020 after obtaining a list of registrants who were classified in the Commonwealth's SURE database as "active" as of September 2019.  The Foundation began comparing the full names and birthdates on the active registrant list to records contained in the Social Security Death Index. After matching other biographical information, including obituaries in many cases, the Foundation identified approximately 9,300 deceased individuals on Pennsylvania's active voter registration list.

16.   In a letter dated May 26, 2020, the Foundation alerted Defendant to its research and findings, including the fact that approximately 9,300 registrants appeared to be deceased.  *See* **Exhibit 1**.

17.   In response to the May 26, 2020 letter, Defendant asked the Foundation for additional data, which it provided on July 17, 2020.

18.   After receiving the additional proof indicating that the Commonwealth's voter rolls are woefully noncompliant with federal law requirements, Defendant has refused to communicate further with the Foundation.

19.   On September 18, 2020, the Foundation sent a formal Notice Letter to Defendant, with a copy to her legal counsel, notifying them that the Commonwealth was in violation of the NVRA. The letter recounted the Foundation's findings and its efforts to communicate with them about bringing the Commonwealth into compliance. *See* **Exhibit 2**, hereinafter "Notice Letter."

20.   The Notice Letter was sent to Defendant via U.S. Postal Service (USPS) certified mail with return receipt requested. The Foundation received confirmation that the Notice Letter was delivered and signed for on September 25, 2020. *See* **Exhibit 3**, USPS certified mail delivery confirmation.

21.   As of the filing of this Complaint, Defendant has not responded to the Notice Letter.

**Numbers of Deceased Remaining on the Rolls Are *Increasing***

22.    On September 21, 2020, while waiting for Defendant to respond to the Notice Letter, the Foundation purchased another copy of Pennsylvania's voter rolls to determine whether any further effort had been made to conduct list maintenance based on registrant deaths since the Foundation's previous analysis in May 2020.

23.    This time, however, the Foundation researched the entire statewide voter roll, including both active and inactive registrants, in an effort to learn whether the Commonwealth was removing deceased registrants in response to the Foundation's data, regardless of the registrants' classification (i.e., as active or inactive) in the SURE system database.

24.    The Foundation's updated analysis of the voter rolls confirmed that the number of deceased registrants remaining on the rolls post-death did not decrease at all.  In fact, as of September 21, 2020, there were 21,248 deceased registrants (both active and inactive) on the voter rolls.  *See* **Exhibit 4**, **Motion to File Exhibit Under Seal Forthcoming**.

25.    On October 7, 2020, approximately one week before filing this lawsuit, the Foundation obtained *one more copy* of Pennsylvania's voter rolls in an effort to ensure that the numbers it cited in the case were the very latest and that Defendant had not undertaken some last-minute removal of dead voters that had not been communicated to the Foundation.   That latest list was then once again provided to the Foundation's data processing firm which compared the last purchased copy of the voter roll against the September 21, 2020 analysis, which consisted of multiple layers of matching exercises with the Social Security Death Index, commercial databases, and public obituaries. The result was that the number of deceased registrants on the voting rolls barely budged to 21,206.   *See* **Exhibit 5, Motion to File Exhibit Under Seal Forthcoming**.

26.    Of the 21,206 likely dead individuals on the Commonwealth's voting rolls as of October 7, 2020, approximately 92% died before October 2019.   Nearly 10% died before October 2010 (a decade ago).   The counties with the most deceased registrants on their rolls (minimum of 1,000) were: Philadelphia (3,349), Allegheny (2,297), Erie (1,319), Luzerne (1,236), Butler (1,155), and Washington (1,107).

9

27.    Despite giving data to Defendant months in advance of the general election, that verified and matched thousands of Pennsylvania registrants to the Social Security Death Index and other sources, the Defendant's statewide voter rolls remain bloated with over 20,000 ineligible registrants on the list and it appears to only be getting worse.

28.    Having a process in place that systematically removes deceased registrants is not just a good idea, it is the law. 52 U.S.C. § 20507(a)(4)(A). For over 20,000 deceased registrants to be on the voter rolls just weeks before a national election demonstrates emphatically that the Commonwealth has failed to reasonably implement and/or maintain a systematic list maintenance program that complies with federal law requiring deceased electors to be removed from the voter rolls.

29.    Because Defendant, in clear contravention of the NVRA, has been unable or unwilling to remove from the Commonwealth's voting rolls many thousands of individuals whom are known to be dead, and such violation has continued within 30 days prior to a Federal election, the Foundation is entitled to bring this civil action pursuant to Section 11(b)(3) of the NVRA, 52 U.S.C. § 20510(b)(3).

30.   The Foundation is alternatively entitled to bring this civil action pursuant to Section 11(b)(2) of the NVRA, 52 U.S.C. § 20510(b)(2), because, following the receipt of the Foundation's formal Notice Letter, the Defendant failed to timely correct (or correct at all, for that matter) the Commonwealth's NVRA violations by removing the known dead registrants from its voting rolls within twenty days where the violation has continued to occur within 120 days of a Federal election.

## COUNT I

**Violation of the NVRA: Failure to Conduct List Maintenance**

31.   The Foundation re-alleges paragraphs 1 through 30 as if fully stated herein

32.   Defendant has failed to make reasonable efforts to conduct voter list maintenance programs that ensure that the deceased do not remain registered to vote, in violation of Section 8 of NVRA, 52 U.S.C. § 20507.

33.   The Foundation has suffered an irreparable injury as a direct result of Defendant's violation of Section 8 of the NVRA, 52 U.S.C. § 20507. Defendant's failure to comply with the NVRA has

aggrieved and continues to aggrieve Plaintiff by impairing its essential and core mission of fostering compliance with federal election laws and promoting election integrity. Defendant's failure to comply with the NVRA has caused and continues to cause Plaintiff pecuniary injury and frustrates the organization's purposes.

34.    Plaintiff will continue to be injured by Defendant's violations of Section 8 of the NVRA because confidence in the legitimacy of elections in the "swing state" of Pennsylvania will be severely undermined unless and until Defendant is enjoined from continuing to violate the law.

35.    The Foundation has no adequate remedy at law.

36.    Time is of the essence to bring the statewide voter rolls into compliance with federal and state law BEFORE the general election on November 3, 2020.

## PRAYER FOR RELIEF

WHEREFORE, the Foundation prays for entry of a judgment:

1.    Declaring Defendant to be in violation of Section 8 of the NVRA;

2.  Ordering Defendant to immediately investigate the deceased registrations identified by Plaintiff and remove confirmed deceased registrants from the voter rolls <u>prior to the printing of the pollbooks, or loading of e-pollbooks</u> to be used in the November 3, 2020 general election;

3.  Ordering Defendant to implement and follow a reasonable and effective list maintenance program by January 1, 2021, to cure the violations identified herein and bring the state's voter rolls into compliance with Section 8 of the NVRA;

4.  Ordering the Defendant to review the Foundation's data and implement a procedure to flag likely deceased registrant records in advance of election day to ensure that a ballot is not fraudulently cast in their name:

5.  Ordering the Defendant to pay the Foundation's reasonable attorney's fees, including litigation expenses and costs, pursuant to 52 U.S.C. § 20510(c); and,

6.  Granting Plaintiff such further relief as this Court deems just and proper, including all other injunctive relief available to the Court, to ensure that Defendant's failure to comply

with Section 8 of the NVRA are cured prior to the 2020

general elections.

Dated: October 15, 2020

Respectfully submitted,

For the Plaintiff:


*/s/ Linda A. Kerns*
Law Offices of Linda A. Kerns, L.L.C.
1420 Locust St., Ste. 200
Philadelphia, PA 19102
Tel: (215) 731-1400
Fax: (215) 701-4154
linda@lindakernslaw.com

Sue Becker (MO 64721)*
PUBLIC INTEREST LEGAL FOUNDATION
32 E. Washington Street, Suite 1675
Indianapolis, IN 46204
Tel: (317) 203-5599
Fax: (888) 815-5641
sbecker@publicinterestlegal.org

John Eastman (CA 193726)*
Center for Constitutional
Jurisprudence
c/o Chapman Univ. Fowler Sch. of Law
One University Dr.
Orange, CA 92866
Tel: (877) 855-3330
Fax: (316) 264-1518
jeastman@chapman.edu

Bradley J. Schlozman (KS 17621)*

14

HINKLE LAW FIRM
1617 N. Waterfront Parkway, Ste. 400
Wichita, KS  67206-6639
Tel: (316) 267-2000
Fax: (316) 264-1518
bschlozman@hinklaw.com

*Applications for Admission
Forthcoming*