# EXHIBIT 2

Exhibit 2

# PUBLIC INTEREST
## —— LEGAL FOUNDATION ——

*VIA EMAIL AND CERTIFIED MAIL*                                          September 18, 2020

**The Hon. Kathy Boockvar**
**Secretary of the Commonwealth of Pennsylvania**
302 North Office Building
401 North Street
Harrisburg, PA 17120
Email: kboockvar@pa.gov; RA-Elections@pa.gov

      **Re:**    **Statutory Notice of Violation of National Voter Registration Act**
              **Request for Meeting**

Dear Secretary Boockvar:

Based upon our findings outlined below, I am required to write your offices pursuant to 52 U.S.C. § 205010(b) to notify you that it appears to us that Pennsylvania is not in compliance with the requirements of Section 8 of the National Voter Registration Act of 1993 ("NVRA"). This federal statute requires election officials to make a reasonable effort to maintain voter registration lists that are free of dead registrants. 52 U.S.C. §§ 20507(a)(3), (4)(A), 20507(c)(2)(A)-(B).

You are receiving this letter because, as Pennsylvania's chief election official, you are ultimately responsible under state and federal law for maintaining accurate and current voter registration lists. We first informed you of our findings on May 26, 2020 and, per your office's request, we provided additional information on July 17, 2020. We have heard nothing further from your office. **We therefore request an immediate meeting, via telephone or video, if necessary**, to discuss what action you have taken or will be imminently to bring Pennsylvania into compliance with state and federal law. We are hopeful that we may reach a curative plan so that we do not need to initiate litigation to cure these defects.

    **I.**    **Evidence of Inadequate List Maintenance - Potentially Deceased Registrants with an Active Registration.**

In September 2019, we purchased a copy of the Pennsylvania voter registration extract from your offices. The "active" portion of the extract was compared against the U.S. Social Security Death Index (SSDI), a database made available via the U.S. Social Security Administration. Where possible, voter registration entries were compared against the SSDI *and* printed obituaries and other public notices.

Our analysis showed there were potentially more than **16,600 deceased individuals** with an active registration in the Commonwealth of Pennsylvania at that time. Nearly 50 percent of the entries matched against the SSDI listed a date of death prior to September 2019, the time period when the roll was purchased. Some matches list dates of death in the 1990s and 2000s. For some, voting credits were apparently assigned for federal contests that occurred after respective dates of SSDI-listed deaths with respect to the 2016 and 2018 General Elections. Only your office can conclusively determine whether these document trails reflecting the voting credits shown in the purchased voter extract are accurate.

In May 2020, we again purchased a copy of the Pennsylvania voter registration extract from your offices. We then compared that extract to our findings from the September 2019 extract to assess whether any of the potentially deceased registrants had been removed in the intervening period. This comparison revealed that **7,323 potentially deceased registrants were removed** from the voter roll between September 2019 and May 2020.

However, **9,300 registrants** who were matched as potentially deceased using the September 2019 voter roll extract were still listed on the May 2020 voter roll extract. This means **there are potentially more than 9,300 deceased individuals that are registered to vote in Pennsylvania.**

As you are likely aware, the National Voter Registration Act of 1993 ("NVRA") requires your office to use reasonable efforts to identify and remove registrants who are deceased. 52 U.S.C. § 20507(a)(4)(A). Pennsylvania law provides that election officials "shall cancel the registration of a registered elector reported dead by the Department of Health," 25 Pa. C.S. § 1505(a), and "may also utilize published newspaper obituaries, letters testamentary or letters of administration issued by the office of the registrar of wills to cancel and remove the registration of an elector," 25 Pa. C.S. § 1505(b).

We have utilized multiple means to verify these potentially deceased registrants, but ultimately only your office can conclusively determine whether the registrants are indeed deceased and whether voting credits were accurately issued for some registrants in subsequent elections.

## II. Notice of Violation

This letter serves as your statutory notice pursuant to 52 U.S.C. § 20510(b) of violations of Section 8 of the NVRA, 52 U.S.C. § 20507.

Because the ongoing violations described herein are occurring within 120 days of an election for federal office, you may face federal litigation if the violations are not cured with 20 days of your receipt of this letter. 52 U.S.C. § 20510(b)(2).

## III. Request for Meeting

Our representatives are available to meet with you, via telephone or video, if needed, to discuss our research and a remedial plan within the next week. Please let us know which date(s) and time(s) you prefer.

Should you need to contact the Foundation regarding this matter, please contact me at lchurchwell@publicinterestlegal.org. Thank you for your service on this matter.

Sincerely,

Logan Churchwell
Communications & Research Director
Public Interest Legal Foundation
lchurchwell@publicinterestlegal.org

Cc: Timothy Gates (tgates@pa.gov)