# APPENDIX OF UNPUBLISHED OPINIONS

*Shavei-Tzion v. Cadles of Grassy Meadows, Inc., LLC*, No. 3:17-0973, 2017 WL 2463171 (M.D. Pa. June 7, 2017)

Case 1:20-cv-01905-JEJ Document 21-2 Filed 10/19/20 Page 2 of 5
Shavei-Tzion v. Cadles of Grassy Meadows, II, LLC, Not Reported in Fed. Supp. (2017)
2017 WL 2463171

2017 WL 2463171
Only the Westlaw citation is currently available.
United States District Court, M.D. Pennsylvania.

Bet SHAVEI-TZION a/k/a Bet Shavei-Tzion International and/or Bet Shaveu-Tzion, Ltd., International, Plaintiff,
v.
CADLES OF GRASSY MEADOWS, II, LLC, substitute to Brown Bark, I, L.P. assignee of Sovereign Bank, successor by merger to Main Street Bank, Defendant.

CIVIL ACTION NO. 3:17-0973
|
Signed 06/07/2017

**Attorneys and Law Firms**

Andrew J. Katsock, III, Law Offices of Andrew J. Katsock, III, Wilkes-Barre, PA, for Plaintiff.

**MEMORANDUM**

MALACHY E. MANNION, United States District Judge

*1 Before the court is the plaintiff's emergency motion for a preliminary injunction. (Doc. 3). The plaintiff is a synagogue and religious organization with a location in Eaton Township, Wyoming County, Pennsylvania. A 95-acre parcel of property owned by the plaintiff is currently scheduled for Sheriff's Sale in Wyoming County on Thursday, June 8, 2017 pursuant to a mortgage executed by the plaintiff on November 16, 2000 in favor of Main Street Bank. This mortgage is currently held by the defendant as a subsequent assignee. Based on the foregoing, the plaintiff's motion will be **DENIED**.

**I. BACKGROUND**

At an unspecified time in the year 2000, the plaintiff's president, Rabbi Harry Dombek, entered into an oral agreement with Mount Laurel Cemetery Association ("Mount Laurel") to pledge the 95-acre parcel of property at issue so that Mount Laurel could obtain a $250,000.00 loan. Rabbi Harry Dombek also served as president/trustee of Mount Laurel. In exchange, Mount Laurel promised to donate certain funds to the plaintiff. The agreement was such that the pledge would only be issued "if needed" in the event Mount Laurel could not secure a loan on its own. (Doc. 1 ¶ 9). Although Mount Laurel's own property was valued at $1,600,000.00, the plaintiff went forward with the agreement and executed a mortgage with Main Street Bank to secure a promissory note signed by Mount Laurel. The mortgage and note were subsequently assigned to Sovereign Bank by merger. In 2006, the mortgage was, again, assigned to Brown Bark I, an investment land speculator.

Mount Laurel defaulted on the mortgage obligation while the mortgage was held by Brown Bark I. A mortgage foreclosure action was filed in the Wyoming County Court of Common Pleas on March 26, 2007. After initiating the foreclosure action, the debt was assigned to the defendant and the defendant was substituted as the proper plaintiff in the state foreclosure action. On August 26, 2009, on summary judgment motion, the state court determined that another 275-acre parcel of property owned by the plaintiff was not sufficiently described in the mortgage so as to create a lien, but that genuine issues of material fact existed as to whether the 95-acre parcel was mortgaged. On November 19, 2014, after a non-jury trial, the state court ruled that the note and mortgage were in default and lifted all stays on the subject property. With judgment entered in the state foreclosure action, the plaintiff's real property was scheduled for Sheriff's Sale on June 8, 2017. The plaintiff alleges that the advertisements for the Sheriff's Sale incorrectly describe the property subject to sale as being 190.64 acres in size.

On June 5, 2017, the plaintiff filed a complaint in this court. (Doc. 1). In Count I of the complaint, the plaintiff alleges that the defendant violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. by failing to provide required notices. In Count II, the plaintiff alleges a procedural due process violation. The plaintiff alleges that the Pennsylvania Rules of Civil Procedure relating to foreclosure violate the Fourteenth Amendment of the United States Constitution because the plaintiff would not able to seek redress for the advertising deficiencies until after the sale is complete. The plaintiff requests only equitable relief, a declaratory judgment invalidating the judgment of the state court and an injunction to stop the pending sale. On June 6, 2016, the plaintiff filed the current emergency motion for a preliminary injunction.

**II. LEGAL STANDARD**

*2 The grant of injunctive relief, including preliminary injunctive relief, is an extraordinary remedy and it should only be granted in limited circumstances. Am. Tel. & Tel. Co. v. Winback & Conserve Program, Inc., 42 F.3d 1421, 1426–27 (3d Cir. 1994) (quoting Frank's GMC Truck Cent., Inc. v. Gen. Motors Corp., 847 F.2d 100, 102 (3d Cir. 1988)) (alterations in original). The court's ultimate decision to deny a preliminary injunction is discretionary, though legal and factual determinations will be reviewed according to their normal standard. See Tenafly Eruv Ass'n, Inc. v. Borough of Tenafly, 309 F.3d 144, 156 (3d Cir. 2002).

In order to obtain a preliminary injunction, the moving party must demonstrate the following:

> (1) the likelihood that the plaintiff will prevail on the merits at final hearing; (2) the extent to which the plaintiff is being irreparably harmed by the conduct complained of; (3) the extent to which the defendant will suffer irreparable harm if the preliminary injunction is issued; and (4) the public interest.
> Id. at 1427 (quoting Merchants & Evans, Inc. v. Roosevelt Bldg. Prods., 963 F.2d 628, 623–33 (3d Cir. 1992)). More specifically, the third prong requires a balancing of harms between the plaintiff and the defendant and a finding that the balance favors the plaintiff's request for relief. See Issa v. Sch. Dist. of Lancaster, 847 F.3d 121, 131 (3d Cir. 2017).

"The injunction should issue only if the plaintiff produces evidence sufficient to convince the district court that all four factors favor preliminary relief." Id. Moreover, it is only if the first two prongs are satisfied that the court must inquire into the final two factors. Tenafly, 309 F.3d at 157. Thus, "a failure to show a likelihood of success or a failure to demonstrate irreparable injury must necessarily result in the denial of a preliminary injunction." In Re Arthur Treacher's Franchise Litig., 689 F.2d 1137, 1143 (3d Cir. 1982). However, if a plaintiff proves the first two requirements, it will almost always be the case that the public interest favors preliminary relief, Issa, 847 F.3d at 143, leaving the crux of the matter to the balance of competing interests.

### III. DISCUSSION

The plaintiff's request fails based on the first two requirements for issuing a preliminary injunction. Therefore, the court need not and will not address the final two requirements. See Tenafly, 309 F.3d at 157.

### A. The Likelihood of Success on the Merits

To prove a likelihood of success on the merits of the claims, the plaintiff need only prove a prima facie case, not a certainty that he or she will win. Issa, 847 F.3d at 131. This does not require that the final decision be "wholly without doubt," only the " 'reasonable probability' of success." Id. (quoting Punnett v. Carter, 621 F.2d 578, 583 (3d Cir. 1980)). The plaintiff has not shown likelihood of success on either its FDCPA claim or constitutional claim.

The FDCPA prohibits a debt collector from using any "false, deceptive, or misleading representation" as a means of collecting a debt. 15 U.S.C. § 1692e. It does not cover all debt, only those transactions that are "primarily for personal, family, or household purposes"—i.e., consumer debt. § 1692a(5). It is not applicable to commercial or business debt. Horton v. Trans Union, LLC, No. 12-2027, 2015 WL 1055776, at *5 (E.D. Pa. Mar. 10, 2015); In re Howe, 446 B.R. 170, 173 (Bankr. E.D. Pa. 2009). The nature of the debt as business or consumer debt is based on the intended use of the money. Horton, 2015 WL 1055776, at *5. "It is the plaintiff who bears the burden of establishing whether an alleged obligation is a consumer debt under the FDCPA." Id.

*3 Here, the plaintiff has not pled in the complaint or stated in its motion that the debt incurred by Mount Laurel, a private entity, was for personal, family, or household uses. Nor has the plaintiff indicated that this was the case based on any attached exhibits. Without this, the plaintiff has not established that the debt incurred is protected by the FDCPA. Thus, at this stage, in light of the information before the court, the plaintiff in unlikely to success on its FDCPA claim.

Moreover, even if the debt could be qualified as consumer debt, the FDCPA does not provide for the injunctive relief, only monetary damages are available to private litigants. Weiss v. Regal Collections, 385 F.3d 337, 342 (3d Cir. 2004), abrogated on other grounds by Campbell-Ewald Co. v. Gomez, 136 S. Ct. 663 (2016); see also Franklin v. GMAC Mortg., 523 Fed.Appx. 172, 173 (3d Cir. 2013); Waridi v. Stern & Eisenberg, —— F. Supp. ——, 2017 WL 1282223, at *3 (E.D. Pa. April 3, 2017). The plaintiff has not requested any specific monetary sums and the equitable relief requested is not an available remedy. Thus, any request for injunctive relief based on the FDCPA alone would, ultimately, fail.

The plaintiff's claim that Pennsylvania's foreclosure procedures and its post-deprivation remedies violate the

Case 1:20-cv-01905-JEJ   Document 21-2   Filed 10/19/20   Page 4 of 5

Shavei-Tzion v. Cadles of Grassy Meadows, II, LLC, Not Reported in Fed. Supp. (2017)
2017 WL 2463171

procedural due process clause is also unlikely to succeed. "Fundamentally, procedural due process requires notice and an opportunity to be heard" before the deprivation of life, liberty, or property. *Mancini v. Northampton Cty.*, 836 F.3d 308, 315 (3d Cir. 2016) (citing *Matthews v. Eldridge*, 424 U.S. 319, 333 (1976)). The notice must be reasonably calculated to provide actual notice of the potential deprivation. *Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 798 (1983); *see also RTC Mortg. Trust 1994-N-2 v. Fry*, 730 A.2d 476, 478 (Pa. 1999). The hearing protections must be afforded "in a meaningful time and in a meaningful manner." *Matthews*, 424 U.S. at 333 (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)).

Here, there is no allegation that the plaintiff did not have notice of the foreclosure action. Further, it is not alleged, nor would it be plausible to suggest, that the plaintiff has not had opportunities to litigate its position with respect to the foreclosure in state court. The foreclosure action has been pending in state court since 2007. Further, the plaintiff admits that the Pennsylvania Rules of Civil Procedure provide a remedy in the event the Sheriff's Sale is unlawful or improper at this late hour. Pennsylvania Rule of Civil Procedure 3132 allows a party in interest to petition to "set aside [a] sale and order a resale or enter any order which may be just and proper under the circumstances." Pa. R. Civ. P. 3132. Thus, a claim that Pennsylvania's foreclosure procedures do not satisfy the requirements of procedural due process is highly unlikely to be successful on the merits.

In addition to the above hurdles to the plaintiff's likely success in this action, the Anti-Injunction Act, 28 U.S.C. § 2283, also likely applies and precludes the court from granting injunctive relief in this case. *See Jung Yun v. Bank of Am., N.A.*, No. 3:16-2416, 2016 WL 7324554 (M.D. Pa. Dec. 16, 2016). The Anti-Injunction Act deprives federal district courts of the ability to "grant an injunction to stay proceedings in a State court." 28 U.S.C. § 2283. "The Anti–Injunction Act simply does not allow federal courts to enjoin state court proceedings, including mortgage foreclosure actions, absent the application of an exception under the statute." *Clark v. United States Bank Nat'l Ass'n*, No. CIV.A. 03-5452, 2004 WL 1380166, at *3 (E.D. Pa. June 18, 2004). There are three narrow exceptions that allow a federal court to grant equitable relief, but the court finds that all three are inapplicable to the present case. The plaintiff has not cited to an exception that might be applicable to save its request.

### B. The Demonstration of Irreparable Harm

*4 With respect the second requirement for a preliminary injunction, the plaintiff has not shown any irreparable harm if the sale were to proceed. As the plaintiff admits, Pennsylvania Rule of Civil Procedure 3132 allows a party to set aside a sale. This procedure is "grounded in equitable principles and is addressed to the sound discretion of the hearing court." *Kaib v. Smith*, 684 A.2d 630, 631 (Pa. Super. Ct. 1996). If the judgment entered is void, the sale will also be declared void. *Harris v. Harris*, 239 A.2d 783, 784–85 (Pa. 1968). In addition, a sale may be set aside where there are irregularities and deficiencies in the sale, including defects in advertisement. *See Hampton v. Swan*, 109 A. 674 (Pa. 1920); *Allegheny Cty. v. Golf Resort, Inc.*, 974 A.2d 1242, 1246 (Pa. Commw. Ct. 2009). Thus, to deem the harm of the sale "irreparable" at this stage would ignore the post-deprivation safeguards, in addition to the pre-deprivation safeguards, provided to the plaintiff under Pennsylvania law.

Briefly addressing the plaintiff's request for a hearing, "[t]he applicable Federal Rule does not make a hearing a prerequisite for ruling on a preliminary injunction." *Bradley v. Pittsburgh Bd. of Educ.*, 910 F.2d 1172, 1175 (3d Cir. 1990) (citing Fed. R. Civ. P. 65(a)). A hearing is not necessary where the moving party is "proceeding on a legal theory which cannot be sustained." *Id.* "Moreover, a district court is not obliged to hold a hearing when the movant has not presented a colorable factual basis to support the claim on the merits or the contention of irreparable harm." *Id.* As explained above, the plaintiff's claim is highly unlikely to succeed based on substantive law and the Anti-Injunction Act and there is no factual basis to support the claims and the contention of irreparable harm. Accordingly, plaintiff's request for a hearing and motion for a preliminary injunction, (Doc. 3), will be **DENIED**.

### IV. CONCLUSION

In accordance with the above, the plaintiff's emergency motion for a preliminary injunction, (Doc. 2), will be **DENIED**. An appropriate order will issue.

### All Citations

Not Reported in Fed. Supp., 2017 WL 2463171

Case 1:20-cv-01905-JEJ   Document 21-2   Filed 10/19/20   Page 5 of 5

**Shavei-Tzion v. Cadles of Grassy Meadows, II, LLC, Not Reported in Fed. Supp. (2017)**
2017 WL 2463171

**End of Document**

© 2020 Thomson Reuters. No claim to original U.S. Government Works.