IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE PUBLIC INTEREST LEGAL FOUNDATION, | : : : | |
| Plaintiff, | : : | |
| v. | : : | NO. 1:20-cv-01905 |
| KATHY BOOCKVAR, in her official capacity, | : : : | CHIEF JUDGE JONES |
| | : : | ELECTRONICALLY FILED |
| Defendant. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO STRIKE EXPERT REPORT AND
<u>PRECLUDE TESTIMONY OF KENNETH J. BLOCK</u>**

<u>INTRODUCTION</u>

In this eleventh hour litigation, Plaintiff The Public Interest Legal Foundation ("PILF") alleges that Secretary of the Commonwealth Kathy Boockvar violated the National Voter Registration Act by failing to remove from the voting rolls the names of more than 21,000 persons alleged to be deceased. In support of this claim, PILF adduces an October 14, 2020 declaration by Kenneth J. Block and purported analyses attached as Exhibits 4 and 5 to the Complaint (collectively, the "Block Report"),[1] which contain the names of allegedly deceased voters identified

---

[1] Exhibits 4 and 5 to PILF's Complaint were filed under seal on October 16, 2020 and thus are not attached hereto. A true and correct copy of Mr. Block's declaration, originally attached as Exhibit 10 to Plaintiff's Memorandum of Law in Motion for Preliminary Injunction, is attached hereto as Exhibit "A."

upon a review of state voter registration data.  The Block Report, however, runs afoul of the Federal Rule of Civil Procedure's expert disclosure requirements by failing to include the data and methodology utilized by a third party "commercial database processor" engaged by Mr. Block.  The Block Report should be stricken, and Mr. Block's anticipated hearing testimony should be precluded.

## ARGUMENT

Federal Rule of Civil Procedure 26(a)(2) establishes the disclosures required for consideration of expert testimony.  Specifically, for witnesses like Mr. Block who provide a written report, the following information must be included with the report:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
> (ii) the facts or data considered by the witness in forming them;
> (iii) any exhibits that will be used to summarize or support them;
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B).  If a party fails to comply with these disclosure requirements, that party "is not allowed to use that information or witness to

2

supply evidence on a motion, at a hearing, or at a trial unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

To determine whether an expert report should be stricken for failure to comply with the Federal Rules of Civil Procedure, the United States Court of Appeals for the Third Circuit has promulgated four factors. *Meyers v. Pennypack Woods Home Ownership Ass'n,* 559 F.2d 894, 905 (3d Cir.1977), *overruled on other grounds by Goodman v. Lukens Steel Co.,* 777 F.2d 113 (3d Cir.1985). Those factors include: 1) the prejudice to the party against whom the excluded witness is to testify; 2) the ability of that party to cure the prejudice; 3) the extent to which the witness would disrupt the orderly and efficient trial of the case; and 4) the party's bad faith or willfulness in failing to comply with the court's order. *Id.* Application of these factors militates in favor of excluding the Block Report and supporting testimony.[2]

PILF's proffered Block Report, which apparently was authored by Kenneth J. Block of Simpatico Software Systems, Inc., suggests that approximately 21,000 "likely dead" voters have not been removed from the Pennsylvania voter rolls. (Compl. ¶ 26 and Ex. 5.)  The Block Report was alleged to have been generated through comparison of Pennsylvania's voter registration data to the Social Security

---

[2] *See Withrow v. Spears*, 967 F. Supp. 2d 982, 1000 (D. Del. 2013) ("If an expert report is stricken, that action effectively precludes the expert from testifying as to the subject matter and opinions contained in the report.").

Death Index, commercial databases, and public obituaries.  (Compl. ¶ 25.)  Mr. Block's declaration indicates that to complete his analysis, Mr. Block engaged a "commercial database processor" which (1) "removed registrants that they determine to be alive" from state voter registration data, (2) compared the resulting list "against regulated data files in order to identify the full Social Security numbers of each possibly deceased voter," and (3) used those Social Security numbers to search the Social Security Death Index and an unidentified credit bureau database.  (Pl.'s Br., Ex. 10, ¶¶ 8-11.)

Despite Mr. Block's reliance upon this "third party processor" to compile and compare a list of potentially deceased registrants against the Social Security Death Index and a credit bureau database, PILF has, despite demand by the Secretary,[3] failed to provide (1) the data provided to this "commercial database processor," (2) any communications between Mr. Block or PILF and the "commercial database processor" related to the data analyses, (3) any source materials relied upon by the "commercial database processor" in reaching his/her conclusions, and (4) a sound copy of the data sets that the "commercial database processor" delivered back to Mr. Block for his review.  This failure runs afoul of

---

[3] On October 17, 2020, the undersigned emailed PILF's counsel requesting this data. As of the time of this filing, counsel for PILF has not supplemented Mr. Block's report.  (A true and correct copy of this October 17, 2020 email is attached as Exhibit "B.")

the required disclosures of Rule 26.  It is beyond dispute that Mr. Block did not perform the data matching and manipulation that produced the product that Mr. Block used to form his opinions.  Rather, whatever data matching and data manipulation that was performed was done inside the unidentified proverbial "black box" referenced only as a "commercial database processor."

PILF's failure to produce all of the data and methodology underlying Mr. Block's report significantly prejudices the Secretary, disrupts the orderly administration of this matter, and, because of the late hour, prevents any correction in time for today's hearing.  *See* Fed. R. Civ. P. 26(a)(2)(B)(ii) ("The report must contain . . . the facts or data considered by the witness in forming [his opinions]."); *see also* Fed. R. Civ. P. 26, 2010 Advisory Committee Notes ("At the same time, the intention is that "facts or data" be interpreted broadly to require disclosure of any material considered by the expert, from whatever source, that contains factual ingredients.").  Indeed, without this underlying data and methodology, neither the Court nor the Secretary can assess the reliability—and therefore the admissibility—of Mr. Block's opinions which derive entirely from the data manipulation performed by the "commercial database processor."  *See Heller v. Shaw Indus., Inc.*, 167 F.3d 146, 152 (3d Cir. 1999) (expert's opinions "must be based on reliable methodology and must reliably flow from that methodology and the facts at issue") (citing Fed. R. Evid. 702); *see Audubon Eng'g Co. LLC v. Int'l*

*Procurement & Contracting Grp. LLC*, 647 F. App'x 95, 99 (3d Cir. 2016) (district court correctly declined to consider a report that "fails to set forth the facts or data considered" because "it deprives [opposing party] of the means to determine the foundation for the opinion." (internal quotation marks omitted)).

Nor is the failure to provide this data and methodology "substantially justified" given the substance of Mr. Block's report. "Substantial justification" is considered "justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request." *Tolerico v. Home Depot*, 205 F.R.D. 169, 175 (M.D. Pa. 2002) (internal quotations omitted). Reasonable minds could not differ as to PILF's obligation to produce key data and methodology given the extensive role which the "commercial database processor" played within Mr. Block's analysis. *See, e.g., Derrickson v. Circuit City Stores, Inc.*, No. DKC 95-3296, 1999 WL 1456538, at *8 (D.Md. Mar. 19, 1999) (requiring disclosure of underlying data that was subjected to various selection, aggregation and weighting processes by expert's assistant); *In re Sabine Oil & Gas Corp.*, 555 B.R. 180 (Bankr. S.D.N.Y. 2016) (noting that an expert must provide "exactly what numbers" and methodology were used).[4]

---

[4] Pursuant to Local Rule 7.8(a), the unpublished decisions cited herein are reproduced in the attached Appendix.

## **CONCLUSION**

For the reasons set forth above, the Block Report should be stricken from the record and Mr. Block's anticipated testimony precluded.

Respectfully submitted,

/s/ Daniel T. Brier
Daniel T. Brier
Donna A. Walsh
John B. Dempsey
Suzanne P. Scanlon
Richard L. Armezzani

Attorneys for Defendant Kathy
Boockvar, Secretary of the
Commonwealth of Pennsylvania

Myers, Brier & Kelly, LLP
425 Spruce Street, Suite 200
Scranton, PA 18503
(570) 342-6100

Dated:  October 19, 2020

## **CERTIFICATE OF SERVICE**

I, Daniel T. Brier, hereby certify that, on October 19, 2020, I filed the foregoing document with the Clerk of the Court via the CM/ECF system, which will send notification of such filing to all counsel of record who are deemed to have consented to electronic service.

/s/ Daniel T. Brier
Daniel T. Brier
